U.S. DIST. COURT
ROANOKE, VA
FILED

DEC 0 9 2010

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| LANE O. CHENEY, | ) |
| | ) Civil Action No. 7:10-cv-00246 |
| Plaintiff, | ) |
| | ) |
| v. | ) MEMORANDUM OPINION |
| | ) |
| VITRO AMERICA, INC., et al., | ) By: Samuel G. Wilson |
| | ) United States District Judge |
| Defendants. | ) |

This is an action brought by plaintiff Lane Cheney ("Cheney") against defendants Vitro America, Inc., Vitro America, LLC, VVP America, Inc., and Binswanger Glass (collectively "Vitro") alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. In response to the complaint, Vitro filed an answer asserting twelve defenses to Cheney's claims of sexual harassment. This matter is currently before the court on Cheney's motion to strike eight of these defenses pursuant to Federal Rule of Civil Procedure ("Rule") 12(f). The court finds that Vitro has sufficiently pleaded its defenses, and therefore the court denies Cheney's motion.

I.

Cheney's complaint alleges that he began working for Vitro in June 2005. According to the complaint, Vitro's employees made inappropriate sexual comments and engaged in other discriminatory behavior toward him on several occasions. Cheney complained to his supervisor about these comments, but Vitro took no corrective action. In January 2009, several days after Cheney complained about one of these incidents, Vitro terminated Cheney's employment.

On June 8, 2010, Cheney filed this suit alleging gender discrimination and sexual harassment. Following the receipt of Vitro's answer to the complaint, which asserted twelve defenses, Cheney moved under Rule 12(f) to strike eight of them.

## II.

Cheney argues first that the plausibility standard articulated by the Supreme Court in Twombly and Iqbal applies not only to the pleading of claims, but also to the pleading of defenses, and that Vitro's defenses cannot survive under this standard. Alternatively, Cheney argues that even under the pre-Twombly pleading requirements, Vitro's defenses are insufficient as a matter of law and should be stricken. The court disagrees, and finds that the Twombly and Iqbal plausibility standards do not apply to defenses pleaded under Rules 8(b) or 8(c), and that Vitro's answer gives adequate notice to Cheney of the defenses Vitro will seek to assert during these proceedings.

This court recently considered the question of whether Twombly and Iqbal require that defendants plead facts to plausibly support the applicability of any asserted defenses in Odyssey Imaging, LLC v. Cardiology Assocs. of Johnston, LLC, 2010 WL 4781065 (W.D. Va. Nov. 24, 2010). This court found that the standards for pleading defenses stated in Rules 8(b) and 8(c) differed materially from that of Rule 8(a), which requires the pleader of a claim to "show" that the pleader is entitled to relief. Id. at *1. Instead, this court determined that defenses must be contextually comprehensible in order to give the plaintiff adequate notice of the nature of the defense; otherwise, they are subject to dismissal under Rule 12(f). Id. at *4.

Here, Vitro's asserted defenses meet this standard. For example, in Paragraph 24 of its answer, Vitro asserts that Cheney's complaint fails "to state a claim for wrongful termination and

2

hostile work environment." Cheney correctly points out that this is not an affirmative defense enumerated under Rule 8(c), but instead grounds for a motion to dismiss under Rule 12(b)(6). However, Rule 12(b) states that a party "may" assert this defense by motion; the party is not *required* to do so. FED. R. CIV. P. 12(b). Instead, Rule 12(b) only mandates that "[e]very defense to a claim for relief in any pleading . . . be asserted in the responsive pleading, if one is required." Id.; see also Williams v. Equity Holding Corp., 498 F. Supp. 2d 831, 839 (E.D. Va. 2007) (noting that a defendant may preserve the defense of failure to state a claim by asserting that defense in its answer). Therefore, the fact that Vitro did not separately move to dismiss the case on this basis does not render this defense insufficient under Rule 12(f).

The remainder of the defenses Cheney seeks to strike are relevant to Vitro's potential liability or the amount of damages Cheney seeks. These defenses include assertions that: Cheney failed to mitigate damages; Cheney waived any claims regarding Vitro's alleged actions; Vitro had no notice of the alleged conduct of its employees; and that Vitro acted in good faith. These defenses are comprehensible in the context of the limited facts pleaded in the complaint. Because the court finds that Twombly and Iqbal do not apply in this context, Vitro is not required to plead additional facts that would be needed to satisfy the heightened pleading standards applicable to a claim for relief. Instead, Vitro has provided Cheney with adequate notice of the nature of these defenses, and Cheney has not demonstrated that he will be prejudiced in any way by their inclusion in the answer.

For these reasons, the court finds that Vitro's asserted defenses are properly pleaded, and therefore denies Cheney's motion.

## III.

For the reasons stated above, the court denies Cheney's motion to strike Vitro's asserted defenses pursuant to Rule 12(f).

**ENTER**: This December 9th, 2010.

_____
UNITED STATES DISTRICT JUDGE